1  ADAM GANZ, ESQ
   Nevada Bar No. 6650
2  MARJORIE HAUF, ESQ.
   Nevada Bar No. 8111
3  GANZ & HAUF
   8950 W. Tropicana Ave., Suite 1
4  Las Vegas, Nevada 89147
   Tel: (702) 598-4529
5  Fax: (702) 598-3626
   Email: e-file@ganzhauf.com
6  *Attorneys for Plaintiffs*

7                    **UNITED STATES DISTRICT COURT**

8                          **DISTRICT OF NEVADA**

9  HATTIE BLUE, individual and natural parent and
10 SUSAN HOY as Guardian Ad Litem for J.B., a          CASE NO.: 2:20-cv-00401-GMN-NJK
   minor;
11
                       Plaintiffs,
12
   vs.
13
   PAMELA SMITH, in her official capacity;
14 STEPHANIE GARNI, in her officer capacity;
   KATHY KONOWALOW, in her official
15 capacity; PAT SKORKOWSKY, in his official
   capacity; VAIL PITTMAN ELEMENTARY            **FIRST AMENDED COMPLAINT**
16 SCHOOL; CLARK COUNTY SCHOOL
   DISTRICT, a Political Subdivision of the State
17 of Nevada; PROGRESSUS THERAPY, LLC, a
   Foreign Limited-Liability Company; INVO
18 HOLDINGS, LLC, a domestic Limited-Liability
   Company; PROGRESSUS, INC., a Florida
19 Corporation; DOES I through X, inclusive; and
   ROES I through X, inclusive;
20
                       Defendants.
21

22       Plaintiffs, HATTIE BLUE, individually, and as Natural Parent and SUSAN HOY as

23 Guardian Ad Litem for J.B., by and through their attorneys, MARJORIE HAUF, ESQ. of the law

24 firm of GANZ & HAUF, and hereby allege and complain as follows:

25                              **I. JURISDICTION**

26       1.      This Court has Jurisdiction over the Plaintiffs' claims pursuant to 42 U.S.C. § 1983,

27 28 U.S.C. § 1331, 28 U.S.C. § 1441, NRS 41.031, and Andolino v. State, 624 P.2d 7, 9 (1981)

28

1    (acknowledging that the State of Nevada waived its sovereign immunity through the enactment of

2    NRS 41.031).

3        2.    Venue is proper in this Court as the Defendants are residents and/or operating in

4    Clark County, Nevada, and all of the events in questioned occurred therein.

5    **II. PARTIES**

6        3.    At all times relevant herein, Plaintiff, HATTIE BLUE (hereinafter "BLUE") was

7    resident of the County of Clark, State of Nevada, and is the natural mother of Plaintiff J.B., a minor.

8        4.    At all times herein, Plaintiff, SUSAN HOY (hereinafter "HOY") was, and continues

9    to be, a resident of the County of Clark, State of Nevada, and is an attorney licensed in the state of

10   Nevada, competent, qualified and duly appointed as Guardian Ad Litem for the minor Plaintiff, J.B.,

11   herein.

12       5.    At all times relevant herein, Plaintiff, J.B. (hereinafter "J.B."), a minor, was a resident

13   of the County of Clark, State of Nevada.

14       6.    Upon information and belief, Defendant, PAMELA SMITH (hereinafter "SMITH"),

15   is and was at all times pertinent hereto, a resident of the County of Clark, State of Nevada, and a

16   social worker at VAIL PITTMAN ELEMENTARY SCHOOL (hereinafter "PITTMAN SCHOOL").

17       7.    Upon information and belief, Defendant, STEPHANIE GARNI (hereinafter

18   "GARNI"), is and was at all times pertinent hereto, a resident of the County of Clark, State of

19   Nevada, and Assistant Principal of PITTMAN SCHOOL.

20       8.    Upon information and belief, Defendant, KATHY KONOWALOW (hereinafter

21   "KONOWALOW"), is and was at all times pertinent hereto, a resident of the County of Clark, State

22   of Nevada, and Principal of PITTMAN SCHOOL.

23       9.    Upon information and belief, Defendant, PAT SKORKOWSKY (hereinafter

24   "SKORKOWSKY"), is and was at all times pertinent hereto, a resident of the County of Clark, State

25   of Nevada, and Superintendent of Schools for the Clark County School District.

26       10.    Defendant, VAIL PITTMAN ELEMENTARY SCHOOL SCHOOL, is, and was at all

27   times pertinent hereto, an educational facility for special education children, existing under the laws

28   of the State of Nevada, which owns and operates PITTMAN SCHOOL.

GANZ & HAUF
8850 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626

Page 2 of 21

11.     Defendant, CLARK COUNTY SCHOOL DISTRICT (hereinafter "CCSD"), is a division of the County of Clark, is a Political Subdivision of the State of Nevada and is not immune from suit under NRS 41.031.

12.     Defendant, CLARK COUNTY SCHOOL DISTRICT (hereinafter "CCSD"), is a division of the County of Clark, is a Political Subdivision of the State of Nevada and is considered a "person" subject to suit under 42 U.S.C. §1983.

13.     Upon information and belief, Defendant, PROGRESSUS THERAPY, LLC, is a foreign Limited-Liability Company and the employer of Defendant, PAMELA SMITH.

14.     Upon information and belief, Defendant, PROGRESSUS, INC., is a foreign corporation and the parent company of PROGRESSUS THERAPY, LLC and a subsidiary of INVO HOLDINGS, LLC.

15.     Upon information and belief, Defendant, PROGRESSUS, INC., is the employer of Defendant, PAMELA SMITH.

16.     Upon information and belief, Defendant, INVO HOLDINGS, LLC, is a foreign limited-liability company and the managing entity of PROGRESSUS, INC.

17.     Upon information and belief, Defendant, INVO HOLDINGS, LLC, is the employer of Defendant, PAMELA SMITH.

18.     Upon information and belief, DOE/ROE Defendants are the employer of Defendant, PAMELA SMTIH.

19.     The true names and capacities of Defendants named herein as DOES I through X, inclusive, and ROES I through X, inclusive whether individual, corporate, associate or otherwise, are presently unknown to Plaintiff who therefore sues said Defendants by such fictitious names; and when the true names and capacities of DOES I through X, inclusive and/or ROES I through X are discovered, Plaintiff will ask leave to amend this Complaint to substitute the true names of said Defendants. Plaintiff is informed, believes and therefore alleges that Defendants so designated herein are responsible in some manner for the events and occurrences contained in this action.

///

///

GANZ & HAUF
8950 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626

### III. GENERAL ALLEGATIONS

20.    Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 19 of this Complaint as though the same were fully set forth herein.

21.    At all times mentioned herein, J.B. had an identified disability known as Attention Deficit Hyperactivity Disorder ("ADHD") which affects brain development and can cause learning and intellectual disability due to problems with focusing, holding attention, impulsivity or hyperactivity, and behavior issues related to the hyperactivity and impulsivity.

22.    At all times mentioned herein, due to the severe case of ADHD, J.B. was attending an Individualized Educational Program ("IEP") at PITTMAN SCHOOL under the Individuals with Disabilities Education Act ("IDEA").

23.    On or about December 6, 2016, J.B. was a first grader, and attending school through the Clark County School District's facility, PITTMAN SCHOOL.

24.    On December 6, 2016, J.B. was in the custody and care of CCSD, by and through its employees and agents, Defendants SMITH, GERNI, KONOWALOW, and/or Doe employee/agent.

25.    On or about December 6, 2016, at around 1:22 p.m., J.B. was walking around PITTMAN SCHOOL's hallway. Upon information and belief, J.B. was out of the classroom and heading toward the Principal's office.

26.    Shortly thereafter, Defendant SMITH chased J.B. down the hallway and aggressively grabbed J.B. by his sweater around the neck and then dragged him along the floor for a few feet by his sweater when he fell to the floor. Defendant SMITH continued to dragging J.B. down the hallway on his back between her legs.

27.    Defendant SMITH attempted to kick J.B. with her left leg while J.B. was struggling to get up from her legs.

28.    Upon information and belief, When J.B. attempted to kick Defendant SMITH in her right leg out of frustration, Defendant SMITH stooped and told J.B. into his face that, "What you do to me I will do to you."

29.    Thereafter, Defendant SMITH kicked J.B. in his leg and lower back multiple times nearly knocking him on the ground.

GANZ & HAUF
8950 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626

Page 4 of 21

30. On December 6, 2016, J.B. was aware and apprehensive of SMITH's intentional and harmful physical contact, before and during the course of said contact.

31. Upon information and belief, on December 6, 2016, GARNI was present when SMITH assaulted and battered the special needs student, J.B., but did nothing to intervene.

32. When CCSD Police Detective Vance investigated the incident, Defendant SMITH knowingly provided him false information and attempted to hinder, delay, and obstruct his investigation of the incident until she was confronted with the surveillance evidence of the subject incident on December 6, 2016.

33. Upon information and belief, after admitting kicking J.B., Defendant SMITH stated to Detective Vance that she was never trained how to restrain a student and what she did to J.B. on December 5, 2016 was what she had seen other staff do in the past.

34. Defendants, SMITH, GARNI, KONOWALOW and SKORKOWSKY are responsible for implementing adequate policies to ensure safety of children.

35. Defendants, SMITH, GARNI, KONOWALOW and SKORKOWSKY were aware of and repeatedly allowed abuse of special needs children without consequence.

36. Defendants, SMITH, GARNI, KONOWALOW and SKORKOWSKY were responsible for hiring, training and supervision of staff of Pittman Elementary.

37. Defendants' abuse of Plaintiff J.B. included, but was not limited to, grabbing, pulling, pushing, and kicking him, subjecting him to unnecessary physical, mental, and emotional harm or allowing the same to occur through a failure to properly hire, train and/or supervise.

38. These violations were the proximate cause of Plaintiff J.B.'s damages, including but not limited to, medical care, great physical and mental harm, mental anxiety, embarrassment, humiliation, grief, sorrow, and depression, all to Plaintiffs' damages in excess of a sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00).

39. As a result of Defendants' gross negligence, Plaintiff BLUE was caused to incur medical expenses associated with medical care for Plaintiff J.B. all to Plaintiffs' damages in excess of a sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00).

///

GANZ & HAUF
8950 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626

40.     As a result of Defendants' conduct, Plaintiff J.B. was placed in great apprehension of further abusive and/or offensive acts and was subject to further physical and psychological damage.

41.     It has been necessary for Plaintiffs to engage the services of an attorney to prosecute this action; therefore, Plaintiffs are entitled to recover attorneys' fees and costs.

## IV. FIRST CAUSE OF ACTION
**(Violation of 42 U.S.C. § 1983 Against Defendants GARNI, KONOWALOW, and/or DOE EMPLOYEE/AGENT)**

42.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 41 of this Complaint as though the same were fully set forth herein.

43.     Plaintiff J.B. was, at all times pertinent hereto, an individual with a qualifying disability identified as ADHD.

44.     Defendants, SMITH, GARNI, KONOWALOW and SKORKOWSKY, were, at all times pertinent hereto, responsible for the policies, procedures, customs, and practices implemented through CCSD and PITTMAN SCHOOL by their various agents and employees for the injuries and damages occasioned thereby.

45.     Defendants, and each of them, were further responsible for promulgation and implementation of policies, procedures, customs and practices at CCSD and PITTMAN SCHOOL.

46.     Defendants, and each of them, were authorized by, and misused, state authority in committing the acts and/or omissions in violation of Plaintiff J.B.'s civil rights.

47.     Acting under the color of law, Defendants' conduct, policies, procedures, customs and practices denied Plaintiff J.B.'s rights, privileges and/or immunities secured by the United States Constitution and/or federal law.

48.     Defendants, and each of them, deprived Plaintiff J.B. of his constitutional rights under the Fourth Amendment by subjecting her to physical and psychological abuse and excessive force.

49.     Defendants, and each of them, deprived Plaintiff J.B. of his constitutional rights to substantive due process and equal protection under the Fourteenth Amendment by subjecting Plaintiff to physical harm, violating her body, and treating her unequally, differently, and less favorably than students with no qualified disability.

GANZ & HAUF
8950 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626

50.    Defendants, and each of them, denied Plaintiff J.B. a safe and accessible school environment free of abuse, which resulted in physical and psychological pain and suffering and irreparable educational harm.

51.    Defendants' conduct constituted wanton, willful, and conscious disregard for Plaintiff J.B.'s safety and well-being and operated to deny his constitutional rights because of his disability.

52.    Defendants, and each of them, acted under the official policy, custom, or practice promulgated by CCSD and PITTMAN SCHOOL and discriminated against Plaintiff J.B. on the basis of his disability pursuant to an official policy, custom, or practice.

53.    As a direct result of Defendants' conduct, Plaintiff J.B. was deprived of his rights.

54.    In committing the acts alleged herein, Defendants SMITH, GERNI, KONOWALOW, SKORKOWSKY, and/or Doe/Roe employee/agent made an intentional, unlawful, and harmful contact on Plaintiff J.B.'s person.

55.    These violations were the proximate cause of Plaintiff J.B.'s medical care, great physical and mental harm, mental anxiety, embarrassment, humiliation, grief, sorrow, and depression all to Plaintiffs' damages in excess of a sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00).

56.    As a direct result of Defendants' wrongful conduct, Plaintiffs have suffered damages in excess of a sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00).

57.    The aforementioned acts were conducted in a wanton, willful, malicious manner, with conscious disregard for Plaintiff J.B.'s rights. Accordingly, Plaintiffs are entitled to punitive or exemplary damages in an amount to be determined at trial.

58.    It has been necessary for Plaintiffs to engage the services of an attorney to prosecute this action; therefore, Plaintiffs are entitled to recover attorneys' fees and costs under both state law and 42 U.S.C. § 1988.

### V. SECOND CAUSE OF ACTION
### (Violation of Civil Rights Pursuant to 42 U.S.C. § 1983 Against Defendants, SKORKOWSKY, CCSD, and/or DOE DEFENDANT)

59.    Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 58 of this Complaint as though the same were fully set forth herein.

GANZ & HAUF
8950 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626

60.     Defendants SKORKOWSKY, CCSD and DOE DEFENDANTS knew or should have known of the facts set forth in paragraphs 1 - 58 above.

61.     Defendants SKORKOWSKY, CCSD and DOE DEFENDANTS had an obligation to, but nevertheless failed to:

      a.     Develop or promulgate guidelines and procedures for the selection of and supervision of special needs teachers/aides/assistants, to eliminate or exclude those special needs teachers/aides/assistants who posed a danger to the children's welfare or who neglected or abused children; and

      b.     Implement or develop programs to ensure that special needs teachers/aides/assistants and supervisors provided proper supervision and care for special needs students; and

      c.     To develop or implement procedures and guidelines for the protection of special needs children attending PITTMAN SCHOOL;

      d.     To properly investigate and license prospective special needs teachers/aides/assistants;

      e.     To properly select special needs teachers/aides/assistants for particular special needs students;

      f.     To properly re-license special needs teachers/aides/assistants;

      g.     To supervise special needs children in public schools;

      h.     To protect special needs students from abusive special needs teachers/aides/assistants;

      i.     To report cases of suspected child abuse to child protective services;

      j.     To properly prepare accurate reports for the County and State.

62.     Defendants SKORKOWSKY, CCSD and DOE DEFENDANTS failed in their obligation to provide training and supervision to its staff on the subjects listed in paragraph 61.

63.     Defendants SKORKOWSKY, CCSD and DOE DEFENDANTS knew or should have known that their failure to provide such training would create risks to the safety of special needs students in CCSD's custody and the risk of violating the constitutional rights of Plaintiffs.

GANZ & HAUF
8950 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626

Page 8 of 21

64.    In failing to provide adequate training to special needs teachers/aides/assistants and supervisors, Defendants SKORKOWSKY, CCSD and DOE DEFENDANTS were deliberately indifferent to the welfare of special needs children in CCSD's custody and to the risk of injury to those children.

65.    By reason of their acts or omissions, Defendants SKORKOWSKY, CCSD and DOE DEFENDANTS, acting under color of state statute, regulation, ordinance, custom, or usage, and in gross and wanton disregard of Plaintiffs' rights, deprived Plaintiff J.B. of his right to a free, safe, and respectful for learning, public education in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

66.    These violations were the proximate cause of Plaintiff J.B.'s medical care, great physical and mental harm, mental anxiety, embarrassment, humiliation, grief, sorrow, and depression all to Plaintiffs' damages in excess of a sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00).

67.    As a direct result of Defendants' wrongful conduct, Plaintiffs have suffered damages in excess of a sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00).

68.    The aforementioned acts were conducted in a wanton, willful, malicious manner, with conscious disregard for Plaintiff J.B.'s rights. Accordingly, Plaintiffs are entitled to punitive or exemplary damages in an amount to be determined at trial.

69.    It has been necessary for Plaintiffs to engage the services of an attorney to prosecute this action; therefore, Plaintiffs are entitled to recover attorneys' fees and costs under both state law and 42 U.S.C. § 1988.

## VI. THIRD CAUSE OF ACTION
### (Violation of 42 U.S.C. § 12101 et.seq. – Against All Defendants)

70.    Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 69 of this Complaint as though the same were fully set forth herein.

71.    Plaintiff J.B. has a qualifying disability identified as ADHD.

72.    Plaintiff J.B. was qualified to participate in and receive the benefits of CCSD's services, activities, and programs, including, participation in a special education class.

GANZ & HAUF
8850 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626

Page 9 of 21

73.   Defendants, and each of them, discriminated against Plaintiff J.B. and committed acts of wanton and willful disregard for him safety and well being and placed him in a dangerous position and in harm's way.

74.   Defendants, and each of them, denied Plaintiff J.B. the benefits of a federally assisted program, thereby discriminating against him for her disability.

75.   In committing the acts alleged herein, Defendants made an intentional, unlawful and harmful contact on Plaintiff J.B.'s person.

76.   These violations were the proximate cause of Plaintiff J.B.'s medical care, great physical and mental harm, mental anxiety, embarrassment, humiliation, grief, sorrow, and depression all to Plaintiffs' damages in excess of a sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00).

77.   As a direct result of Defendants' wrongful conduct, Plaintiffs have suffered damages in excess of a sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00).

78.   The aforementioned acts were conducted in a wanton, willful, malicious manner, with conscious disregard for Plaintiff J.B.'s rights. Accordingly, Plaintiffs are entitled to punitive or exemplary damages in an amount to be determined at trial.

79.   It has been necessary for Plaintiffs to engage the services of an attorney to prosecute this action; therefore, Plaintiffs are entitled to recover attorneys' fees and costs.

## VII.   THIRD CAUSE OF ACTION
### (Violation of 29 U.S.C. § 794 – Against All Defendants)

80.   Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 79 of this Complaint as though the same were fully set forth herein.

81.   Plaintiff J.B. has a qualifying disability identified as ADHD.

82.   Defendants, and each of them, discriminated against Plaintiff J.B. and committed acts of wanton and willful disregard for him safety and well being and placed him in a dangerous position and in harm's way.

///

///

GANZ & HAUF
8550 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626

83.     Defendants, and each of them, placed Plaintiff, J.B. in a dangerous situation and committed harmful acts against his person, both physically and psychologically, with deliberate and continued indifference.

84.     In committing the acts alleged herein, Defendants made an intentional, unlawful and harmful contact on Plaintiff J.B.'s person.

85.     These violations were the proximate cause of Plaintiff J.B.'s medical care, great physical and mental harm, mental anxiety, embarrassment, humiliation, grief, sorrow, and depression all to Plaintiffs' damages in excess of a sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00).

86.     As a direct result of Defendants' wrongful conduct, Plaintiffs have suffered damages in excess of a sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00).

87.     The aforementioned acts were conducted in a wanton, willful, malicious manner, with conscious disregard for Plaintiff J.B.'s rights. Accordingly, Plaintiffs are entitled to punitive or exemplary damages in an amount to be determined at trial.

88.     It has been necessary for Plaintiffs to engage the services of an attorney to prosecute this action; therefore, Plaintiffs are entitled to recover attorneys' fees and costs.

## VIII. FOURTH CAUSE OF ACTION
### (Negligence Against All Defendants)

89.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 88 of this Complaint as though the same were fully set forth herein.

90.     Chapter 391 of the Nevada Administrative Code, Chapters 385, 388, 391, 432B of the Nevada Revised Statutes, and the common law of the state of Nevada, impose a duty of reasonable professional judgment and reasonable care upon Defendants, and each of them, in carrying out their responsibilities pursuant to the aforementioned state statutes.

91.     At all times mentioned herein, Defendants knew or, in the exercise of reasonable care, should have known, that Defendant SMITH, GERMI, and DOE employee/agent conduct toward Plaintiff J.B. was egregious and constituted a danger and hazard to Plaintiff J.B., but

GANZ & HAUF
8950 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 898-4529
Fax: (702) 898-3626

Page 11 of 21

1  Defendants negligently and carelessly failed to take reasonable precautions to prevent the above-
2  described repeated assaults and batteries upon Plaintiff J.B.

3  92.    The above-named Defendants, individually and collectively, breached their duty of
4  care owed to the Plaintiffs by negligently and carelessly operating, managing, and controlling the
5  care and safety of its students at PITTMAN SCHOOL and the conduct of the teachers and other
6  employees at PITTMAN SCHOOL, which resulted in danger and harm to Plaintiff J.B. proximately
7  causing injuries and damages to him as fully set forth herein.

8  93.    At times relevant to this Complaint, Defendants GERMI, KONOWALOW,
9  SKORKOWSKY, and DOE/ROE Defendants were acting within the course and scope of their
10  employment with CCSD and/or DOE/ROE Defendants.

11  94.    At all times relevant to this Complaint, Defendant SMITH, and DOE/ROE
12  Defendants were acting within the course and scope of their employment with Defendants,
13  PROGRESSUS THERAPY, LLC, PROGRESSUS, INC., and/or INVO HOLDINGS, LLC., and/or
14  DOE/ROE Defendants.

15  95.    CCSD and/or DOE/ROE Defendants are vicariously liable for damages to Plaintiffs
16  under the theory of *Respondeat Superior*.

17  96.    Defendants PROGRESSUS THERAPY, LLC, PROGRESSUS, INC. and/or INVO
18  HOLDINGS, LLC are vicariously liable for damages to Plaintiffs under the theory of *Respondeat*
19  *Superior.*

20  97.    These violations were the proximate cause of Plaintiff J.B.'s medical care, great
21  physical and mental harm, mental anxiety, embarrassment, humiliation, grief, sorrow, and
22  depression all to Plaintiffs' damages in excess of a sum of ONE HUNDRED THOUSAND
23  DOLLARS ($100,000.00).

24  98.    As a direct result of Defendants' wrongful conduct, Plaintiffs have suffered damages
25  in excess of a sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00).

26  99.    The aforementioned acts were conducted in a wanton, willful, malicious manner, with
27  conscious disregard for Plaintiff J.B.'s rights. Accordingly, Plaintiffs are entitled to punitive or
28  exemplary damages in an amount to be determined at trial.

GANZ & HAUF
8950 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626

100.    It has been necessary for Plaintiffs to engage the services of an attorney to prosecute this action; therefore, Plaintiffs are entitled to recover attorneys' fees and costs.

## IX.    FIFTH CAUSE OF ACTION
**(Gross Negligence and/or Reckless Misconduct Against All Defendants)**

101.    Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 100 of this Complaint as though the same were fully set forth herein.

102.    Chapter 391 of the Nevada Administrative Code, Chapters 385, 388, 391, 432B of the Nevada Revised Statutes, and the common law of the state of Nevada, impose a duty of reasonable professional judgment and reasonable care upon Defendants, and each of them, in carrying out their responsibilities pursuant to the aforementioned state statutes.

103.    Defendants, individually and collectively, failed to exercise even a slight degree of diligence or care when they breached their duty of care owed to Plaintiff J.B. by the failing to protect her from harm and subjecting him to physical and mental abuse.

104.    Defendants' indifference to their duty of care, and their heedless and palpable violation of their duty to Plaintiff J.B., was of such magnitude that it constituted gross negligence.

105.    Defendants' actions and inactions were so unreasonable and dangerous that Defendants knew, or should have known, that that it was highly probable that harm to Plaintiff J.B. would result.

106.    At all times relevant to this Complaint, Defendants GERMI, KONOWALOW, SKORKOWSKY, and DOE/ROE Defendants were acting within the course and scope of their employment with CCSD and/or DOE/ROE Defendants.

107.    At all times relevant to this Complaint, Defendants SMITH and DOE/ROE Defendants were acting within the course and scope of their employment with Defendant PROGRESSUS THERAPY, LLC and/or DOE/ROE Defendants.

108.    At all times relevant to this Complaint, Defendants SMITH and DOE/ROE Defendants were acting within the course and scope of their employment with Defendant PROGRESSUS, INC. and/or DOE/ROE Defendants.

///

GANZ&HAUF
8950 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626

Page 13 of 21

109.    At all times relevant to this Complaint, Defendants SMITH and DOE/ROE Defendants were acting within the course and scope of their employment with Defendant INVO HOLDINGS, LLC and/or DOE/ROE Defendants.

110.    CCSD and/or DOE/ROE Defendants are vicariously liable for damages to Plaintiffs under the theory of *Respondeat Superior*.

111.    Defendant PROGRESSUS THERAPY, LLC and/or DOE/ROE Defendants are vicariously liable for damages to Plaintiffs under the theory of *Respondeat Superior*.

112.    Defendant PROGRESSUS, INC. and/or DOE/ROE Defendants are vicariously liable for damages to Plaintiffs under the theory of *Respondeat Superior*.

113.    Defendant INVO HOLDINGS, LLC and/or DOE/ROE Defendants are vicariously liable for damages to Plaintiffs under the theory of *Respondeat Superior*.

114.    These violations were the proximate cause of Plaintiff J.B.'s medical care, great physical and mental harm, mental anxiety, embarrassment, humiliation, grief, sorrow, and depression all to Plaintiffs' damages in excess of a sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00).

115.    As a direct result of Defendants' wrongful conduct, Plaintiffs have suffered damages in excess of a sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00).

116.    It has been necessary for Plaintiffs to engage the services of an attorney to prosecute this action; therefore, Plaintiffs are entitled to recover attorneys' fees and costs.

## X. SIXTH CAUSE OF ACTION
### (Negligent Hiring, Training, Supervision Against Defendants GARNI, KONOWALOW, SKORKOWSKY, PITTMAN SCHOOL, and CCSD– hereinafter collectively "Administrative Defendants.")

117.    Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 116 of this Complaint as though the same were fully set forth herein.

118.    Administrative Defendants are not protected by discretionary immunity pursuant to CCSD V. Payo, 133 Nev. Adv. Op. 79 (Oct. 2017).

///

///

GANZ&HAUF
8950 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626

119.    Administrative Defendants were negligent and careless in failing to adequately investigate the background, personality traits, and working history of Defendants GARNI, SMITH, and/or DOE employee/agent prior and subsequent to hiring them.

120.    Administrative Defendants failed to adopt and administer adequate procedures to protect students at PITTMAN SCHOOL from physical and emotional abuse.

121.    Administrative Defendants failed to adequately and efficiently investigate factual indications which suggested that its teachers and/or employee/agents including Smith were abusing its students.

122.    Administrative Defendants failed to use reasonable care to protect students from physical and emotional abuse by CCSD personnel by inadequately training and supervising them.

123.    Administrative Defendants failed to properly train their employees who oversaw students at STEWART SCHOOL, or were in any way responsible for subject incidents on December 6, 2016.

124.    If Administrative Defendants had adequately trained their employees before the subject incidents on December 6, 2016, such incidents and mental and physical harm to Plaintiff J.B. would not have occurred.

125.    As described in detail in the above paragraphs incorporated herein, these Administrative Defendants failed to meet this obligation and breached this duty to adequately hire, train, and supervise each of their staff and other agents.

126.    Defendants' failure was the proximate cause of substantial injury to Plaintiffs.

127.    At all times relevant to this Complaint, Defendants, and/or DOE/ROE Defendants were acting within the course and scope of their employment with CCSD and/or DOE/ROE Defendants.

128.    CCSD and/or DOE/ROE Defendants are vicariously liable for damages to Plaintiffs under the theory of *Respondeat Superior*.

129.    These violations were the proximate cause of Plaintiff J.B.'s medical care, great physical and mental harm, mental anxiety embarrassment, humiliation, grief, sorrow, and depression and deprived Plaintiff J.B.. of the right to remain safe while in state custody through public school,

GANZ & HAUF
8950 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626

Page 15 of 21

1  all to Plaintiffs' damages in excess of a sum of ONE HUNDRED THOUSAND DOLLARS
2  ($100,000.00).

3       130.   As a direct result of Defendants' wrongful conduct, Plaintiffs have suffered damages
4  in excess of a sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00).

5       131.   It has been necessary for Plaintiffs to engage the services of an attorney to prosecute
6  this action; therefore, Plaintiffs are entitled to recover attorneys' fees and costs.

7
### XI. SEVENTH CAUSE OF ACTION
### (Assault and Battery against Defendant SMITH)
8

9       132.   Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1
10  through 131 of this Complaint as though the same were fully set forth herein.

11       133.   In committing the acts alleged herein, Defendant SMITH caused Plaintiff JONES to
12  feel apprehension of harmful and/or offensive conduct.

13       134.   In committing the acts alleged herein, Defendant SMITH made an intentional,
14  unlawful and harmful contact on Plaintiff J.B.'s person.

15       135.   As a direct and proximate result of the foregoing wrongful conduct, Plaintiff J.B. has
16  suffered great physical and mental harm, mental anxiety, embarrassment, humiliation, grief, sorrow,
17  and depression all to Plaintiff's damages in excess of a sum of ONE HUNDRED THOUSAND
18  DOLLARS ($100,000.00).

19       136.   As a direct result of Defendants' wrongful conduct, Plaintiffs have suffered damages
20  in excess of a sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00).

21       137.   The aforementioned acts were conducted in a wanton, willful, malicious manner, with
22  conscious disregard for Plaintiff J.B.'s rights. Accordingly, Plaintiffs are entitled to punitive or
23  exemplary damages in an amount to be determined at trial.

24       138.   It has been necessary for Plaintiffs to engage the services of an attorney to prosecute
25  this action; therefore, Plaintiffs are entitled to recover attorneys' fees and costs.

26  ///

27  ///

28  ///

GANZ & HAUF
8950 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626

Page 16 of 21

## XII. EIGHTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress against Defendants, SMITH, GARNI, KONOWALOW)

139.    Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 138 of this Complaint as though the same were fully set forth herein.

140.    The acts of Defendants, and each of them, as described herein, were extreme and/or outrageous with the intention of, or conscious disregard for causing emotional distress to Plaintiff J.B. including, but not limited to, the assault of Plaintiff J.B. and the resulting anxiety, humiliation, and embarrassment caused his emotional distress.

141.    Plaintiff J.B. suffered severe or extreme emotional distress as the actual and/or proximate result of Defendants' conduct.

142.    These violations were the proximate cause of Plaintiff J.B.' medical care, great physical and mental harm, mental anxiety, embarrassment, humiliation, grief, sorrow and depression, all to Plaintiff's damages in excess of ONE HUNDRED THOUSAND DOLLARS ($100,000.00).

143.    As a result of Defendants' breach, Plaintiff J.B. suffered severe terror, pain and suffering, mental injuries, and severe mental anguish, suffering damages in excess of $100,000.00.

144.    It has been necessary for Plaintiffs to engage the services of an attorney to prosecute this action; therefore, Plaintiffs are entitled to recover attorneys fees and costs.

## XIII. NINETH CAUSE OF ACTION
### (Negligence Claim under NRS 41.1395 against All Defendants)

145.    Plaintiff J.B. repeat and reallege each and every allegation set forth in paragraphs 1 through 144 of this Complaint as though the same were fully set forth herein.

146.    Plaintiff J.B. at all times herein suffered from the disability of ADHD. As a result of this disease, Plaintiff J.B. had a mental impairment and learning disability that substantially limited his major life activities. Plaintiff J.B. was thus a vulnerable person under NRS 41.1395.

147.    Defendants, and each of them, at all times knew of, and had reason to know, that Plaintiff J.B. suffered from these disabilities and was a vulnerable person.

GANZ & HAUF
8950 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626

148.    Defendants, and each of them, willfully and unjustifiably inflicted pain, injury, and mental anguish upon Plaintiff J.B.

149.    Defendants, and each of them's actions, as described herein, constitute abuse of a vulnerable person.

150.    Plaintiff J.B. suffered personal injuries as a result of Defendants' actions.

151.    As a result of Defendants' willful abuse of a vulnerable person, Plaintiffs are entitled to recover two times the actual damages incurred pursuant to NRS 41.1395(4)(e).

152.    The aforementioned acts were conducted in a wanton, willful, malicious manner with conscious disregard for Plaintiff J.B. rights.  Accordingly, Defendants are required to pay Plaintiffs' attorneys fees and costs.

### XIII.  TENTH CAUSE OF ACTION
**(Negligent Hiring, Training, Supervision Against Defendants PROGRESSUS THERAPY, LLC, PROGRESSUS, INC., INVO HOLDINGS, LLC and DOE/ROE Defendants–hereinafter collectively "Progressus Defendants.")**

153.    Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 152 of this Complaint as though the same were fully set forth herein.

154.    Progressus Defendants were negligent and careless in failing to adequately investigate the background, personality traits, and working history of Defendants SMITH, and/or DOE employee/agent prior and subsequent to hiring them.

155.    Progressus Defendants failed to adopt and administer adequate procedures to protect students at PITTMAN SCHOOL from physical and emotional abuse.

156.    Progressus Defendants failed to adequately and efficiently investigate factual indications which suggested that employees/agents, including Defendant SMTIH, were abusing children and/or students.

157.    Progressus Defendants failed to use reasonable care to protect students from physical and emotional abuse its employees/agents by inadequately training and supervising them.

158.    Progressive Defendants Defendants failed to properly train their employees who oversaw students at STEWART SCHOOL, or were in any way responsible for subject incidents on December 6, 2016.

///

GANZ & HAUF
8850 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626

Page 18 of 21

159.    If Progressus Defendants had adequately trained their employees before the subject incidents on December 6, 2016, such incidents and mental and physical harm to Plaintiff J.B. would not have occurred.

160.    As described in detail in the above paragraphs incorporated herein, these Progressus Defendants failed to meet this obligation and breached this duty to adequately hire, train, and supervise each of their staff and other agents.

161.    Progressus Defendants' failure was the proximate cause of substantial injury to Plaintiffs.

162.    At all times relevant to this Complaint, Defendant SMITH, and/OR DOE/ROE Defendants were acting within the course and scope of their employment with Progressus Defendants and/or DOE/ROE Defendants.

163.    Progressus Defendants and/or DOE/ROE Defendants are vicariously liable for damages to Plaintiffs under the theory of *Respondeat Superior*.

164.    These violations were the proximate cause of Plaintiff J.B.'s medical care, great physical and mental harm, mental anxiety embarrassment, humiliation, grief, sorrow, and depression and deprived Plaintiff J.B.. of the right to remain safe while in state custody through public school, all to Plaintiffs' damages in excess of a sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00).

165.    As a direct result of Defendants' wrongful conduct, Plaintiffs have suffered damages in excess of a sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00).

166.    It has been necessary for Plaintiffs to engage the services of an attorney to prosecute this action; therefore, Plaintiffs are entitled to recover attorneys' fees and costs.

## XIV.  ELEVENTH CAUSE OF ACTION
**(Vicarious Liability--Against Defendants PROGRESSUS THERAPY, LLC, PROGRESSUS, INC., INVO HOLDINGS, LLC, and DOE/ROE Defendants– hereinafter collectively "Progressus Defendants." )**

167.    Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 166 of this Complaint as though the same were fully set forth herein.

168.    At all times relevant herein, Defendant, PAMELA SMITH, and/or DOE Defendants, were acting within the course and scope of their employment with Progressus Defendants and/or

GANZ&HAUF
8950 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626

Page 19 of 21

1    ROE Defendants, so that Progressus Defendants and/or ROE Defendants are vicariously liable for

2    damages to Plaintiffs under the theory of *Respondeat Superior*.

3         169.    As a direct and proximate cause of the negligence, carelessness, and/or recklessness

4    of Progressus Defendants and/or ROE Defendants, and each of them, Plaintiff J.B. sustained severe

5    bodily trauma, all or some of which may be permanent and disabling in nature all to his general and

6    compensatory damage in an amount in excess of the jurisdictional minimum.

7         170.    In addition, Plaintiff was required to incur expenses for medical care, treatment, and

8    expenses incidental thereto, all to his detriment, in an amount unknown at this time, and may be

9    required in the future to incur expenses for medical care and treatment, including physicians, nurses,

10   therapists, medicine, and general medical care in an amount not yet ascertained, and in this regard,

11   Plaintiffs pray leave of the Court to insert all said damages herein when the same have been fully

12   ascertained or proven at the time of trial herein.

13        171.    As a direct and proximate result of the negligence, carelessness, and/or recklessness

14   of Progressus Defendants and/or ROE Defendants, and each of them, Plaintiff J.B. has endured pain

15   and suffering, worry, anxiety emotional distress, loss of enjoyment of life, and will continue to

16   endure said losses for an indefinite period of time in the future, in an amount in excess of the

17   jurisdictional minimum, and in this regard, Plaintiffs pray leave of the Court to insert all said

18   dangers herein when the same have been fully ascertained or proven at the time of trial herein.

19        172.    It has been necessary for Plaintiffs to engage the services of an attorney to prosecute

20   this action; therefore, Plaintiffs are entitled to recover attorneys' fees and costs.

21        **WHEREFORE**, Plaintiffs pray for judgment against Defendants, as follows:

22        1.    For special damages and general damages of an amount in excess of $15,000;

23        2.    For general damages of an amount in excess of $15,000.00;

24        3.    For punitive damages;

25        4.    For interest;

26        5.    For enhanced damages pursuant to NRS 41.1395;

27        6.    For attorney's fees pursuant to NRS 18.010 and 42 U.S.C. § 1988(b); and

28   ///

GANZ & HAUF
8950 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626

7.    For such other and further relief as the Court may deem just and proper.

Dated this _____ day of March, 2020.

GANZ & HAUF

ADAM GANZ, ESQ.
Nevada Bar No. 6650
MARJORIE HAUF, ESQ.
Nevada Bar No. 8111
*Attorneys for Plaintiffs*

GANZ & HAUF
8950 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626