UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

HATTIE BLUE, et al.,

    Plaintiff(s),

v.

PAMELA SMITH, et al.,

    Defendant(s).

Case No.: 2:20-cv-00401-GMN-NJK

**ORDER**

(Docket No. 20)

Pending before the Court is Plaintiffs' motion to expand time for service and for service through publication.[1] Docket No. 20. The motion is properly resolved without a hearing. Local Rule 78-1.

Service by publication is disfavored because substituted service implicates a defendant's due process rights. *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314–15 (1950); *Trustees of the Nev. Resort Assoc.—Int'l Alliance of Theatrical Stage Employees & Moving Picture Mach. Operators v. Alumifax, Inc.*, 2013 U.S. Dist. Lexis. 106456, *2 (D. Nev. July 29, 2013).

Service must be made under the law of the forum state or of the state in which service is made. *See* Fed.R.Civ.P. 4(e)(1). Nevada law permits service by publication if the plaintiff cannot,

---

[1] As an initial matter, the motion was filed on an *ex parte* basis with no showing as to why an *ex parte* designation is appropriate. *See, e.g.*, *Maxson v. Mosaic Sales Solutions U.S. Operating Co.*, 2015 WL 4661981, *1–2 (D. Nev. July 29, 2015) (addressing disfavored nature of *ex parte* requests, and the standards applicable to them); *see also* Local Rule IA 7-2. Thus, the Court will instruct the Clerk's Office to remove the *ex parte* designation.

1

after due diligence, locate the defendant. *See* Nev.R.Civ.P. 4.4(c)(1)(a). Due diligence is what is appropriate to accomplish actual notice and is reasonably calculated to do so. *See Abreu v. Gilmer*, 115 Nev. 308, 313 (1999) (citation omitted). Courts may consider the number of attempts made to serve the defendant at his residence and other methods of locating the defendant such as consulting public directories and family members. *See, e.g.*, *Price v. Dunn*, 106 Nev. 100, 101–103 (1990); *Abreu*, 115 Nev. at 313; *McNair v. Rivera*, 110 Nev. 463, 464 (1994).

Plaintiffs' efforts to date do not show sufficient diligence to allow service by publication. Plaintiffs have tried to serve Defendant Pamela Smith through use of Clark County Process Service LLC. Docket No. 20-1. Plaintiffs tried, thrice in three days, to serve her "at her residence listed on the Tracers database" and, after unsuccessful, tried to find an alternate address "by searching the Tracers database, Clark County Assessor records[,] and Nevada Voter Registration records." Docket No. 20 at 4. Plaintiffs also submit that they have "identified and sent a waiver of notice" to Defendant's employer (also a named defendant) and "expect[s] [it] may Answer and defend Ms. Smith." *Id.* at 3, 5. Although Plaintiffs have made some efforts, Plaintiffs have not, for example, tried to locate any of Defendant's family members or asked her employer for her contact information. Plaintiffs also think that Defendant's employer may answer and defend her. In sum, Plaintiffs have not yet exhausted their options to locate or serve Defendant.

Accordingly, the Court **DENIES** without prejudice Plaintiffs' request for service through publication. Docket No. 20. Further, the Court **GRANTS** Plaintiffs' request to expand time to serve the complaint. *Id.* Plaintiffs must serve Defendant in accordance with Fed.R.Civ.P. 4(f) no later than July 13, 2020. The Court **INSTRUCTS** the Clerk's Office to remove the *ex parte* designation on Plaintiffs' motion. *Id.*

IT IS SO ORDERED.

Dated: April 13, 2020

Nancy J. Koppe
United States Magistrate Judge

2