1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

HATTIE BLUE, et al.,

     Plaintiffs,

v.

PAMELA SMITH, et al.,

     Defendants.

Case No.: 2:20-cv-00401-GMN-NJK

**ORDER**

(Docket No. 36)

       Pending before the Court is the parties' proposed discovery plan.  Docket No. 36.  In reality, however, the parties request a stay of discovery pending resolution of Defendants' motion to dismiss.  *See id.* at 3.  As an initial matter, it is improper to seek a stay of discovery in a proposed discovery plan; if parties seek to stay discovery, they must file a request to stay discovery.  *Cf.* Local Rule IC 2-2(b).  Nonetheless, the Court will analyze this filing as a stipulation to stay discovery.

       The Court has broad discretionary power to control discovery.  *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  "The mere fact that parties stipulate to a stay does not limit the Court's discretion to order a stay."  *Estate of Evans v. Kinecta Fed. Credit Union*, 2014 WL 12790972, at *1 (D. Nev. June 27, 2014).  "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending."  *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011).  Discovery should proceed absent a "strong showing" to the contrary.  *See, e.g.*, *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).

       The case law in this District makes clear that requests to stay discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the

1   merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to

2   state a claim for relief. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).[1]

3   When stipulating to a stay of discovery, the parties have the burden to show that discovery should

4   be stayed. *See Kabo Tools Co. v. Porauto Indus. Co.*, 2013 WL 5947138, at *1 (D. Nev. Oct. 31,

5   2013).

6          The Court finds that all the above standards are not met and therefore a stay of discovery

7   is inappropriate.  The Court finds that Defendants' motion to dismiss, Docket No. 25, is potentially

8   dispositive and can be decided without discovery.  The Court is not convinced, however, that

9   Defendants' motion to dismiss "will prevail, and therefore, discovery [would be] a waste of effort."

10  *Trazaska v. Int'l Game Tech.*, 2011 WL 1233298, at *3 (D. Nev. Mar. 29, 2011).

11         Accordingly, the Court **DENIES** the parties' stipulation to stay discovery.  Docket No. 36.

12  The parties must file a proposed discovery plan no later than July 6, 2020.

13         IT IS SO ORDERED.

14         Dated:  July 1, 2020

15  _____

16  Nancy J. Koppe
    United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26  [1] Conducting the preliminary peek puts the undersigned in an awkward position because
    the assigned district judge who will decide the motion to dismiss may have a different view of its
27  merits.  *See Tradebay*, 278 F.R.D. at 603.  The undersigned's "preliminary peek" at the merits of
    that motion is not intended to prejudice its outcome.  *See id.*  As a result, the undersigned will not
28  discuss the merits of the pending motion to dismiss here.  Still, the undersigned has carefully
    reviewed the arguments in the motion to dismiss and later briefing.