1  MARK E. FERRARIO
   Nevada Bar No. 1625
2  KARA B. HENDRICKS
   Nevada Bar No. 7743
3  WHITNEY L. WELCH-KIRMSE
   Nevada Bar No. 12129
4  **GREENBERG TRAURIG, LLP**
   10845 Griffith Peak Drive, Ste. 600
5  Las Vegas, NV 89135
   Tel:   (702) 792-3773
6  Fax:   (702) 792-9002
   Email: ferrariom@gtlaw.com
7          hendricksk@gtlaw.com
           welchkirmsew@gtlaw.com
8

9  *Attorneys for Defendants Clark County School District,*
   *Stephanie Garni, Kathy Konowalow, Pat Skorkowsky, and*
10 *Vail Pittman Elementary School*

11                    **UNITED STATES DISTRICT COURT**

12                          **DISTRICT OF NEVADA**

13 HATTIE BLUE, individual and natural parent and          CASE NO.  2:20-CV-00401-GMN-NJK
14 SUSAN HOY as Guardian Ad Litem for J.B., a
   minor,
15
16                 Plaintiffs,

17 v.                                                       **STIPULATED CONFIDENTIALITY**
                                                            **AGREEMENT AND PROTECTIVE**
18 PAMELA SMITH, in her official capacity;                 **ORDER**
   STEPHANIE GARNI, in her officer capacity;
19 KATHY KONOWALOW, in her official capacity;
   PAT SKORKOWSKY, in his official capacity;
20 VAIL PITTMAN ELEMENTARY SCHOOL;
   CLARK COUNTY SCHOOL DISTRICT, a
21 Political Subdivision of the State of Nevada;
   PROGRESSUS THERAPY, LLC, a Foreign
22 Limited-Liability Company; INVO HOLDINGS,
   LLC, a domestic Limited-Liability Company;
23 PROGRESSUS, INC, a Florida Corporation;
   DOES I through X, inclusive; and ROES I through
24 X, inclusive,
25
26                 Defendants.

27

28 / / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to the Stipulation contained herein, by and among counsel for Plaintiffs Hattie Blue and Susan Hoy, Guardian Ad Litem for J.B., a minor, and counsel for Defendants Clark County School District ("CCSD"), Stephanie Garni, Kathy Konowalow, Pat Skorkowsky, and Vail Pittman Elementary School, the Court hereby finds as follows:

1.     The "Litigation" shall mean the above-captioned case, *Hattie Blue, et al. v. Clark County School District, et al.*, filed in the United States District Court, District of Nevada, Case Number 2:20-CV-00401-GMN-NJK.

2.     "Documents" or "Information" shall mean and include any documents (whether in hard copy or electronic form), records, correspondence, analyses, assessments, statements (financial or otherwise), responses to discovery, tangible articles or things, whether documentary or oral, and other information provided, served, disclosed, filed, or produced, whether voluntarily or through discovery or other means, in connection with this Litigation.  A draft or non-identical copy is a separate document within the meaning of these terms.

3.     "Party" (or "Parties") shall mean one party (or all parties) in this Litigation, and their in-house and outside counsel. "Producing Party" shall mean any person or entity who provides, serves, discloses, files, or produces any Documents or Information.  "Receiving Party" shall mean any person or entity who receives any such Documents or Information.

4.     It is CCSD's position that the privacy of students is protected under federal law, whether they are parties to the Litigation or not.  As a school district that receives federal funding, it is CCSD's position that it is bound by the Family Educational Rights and Privacy Act ("FERPA") and is not at liberty to disclose personally identifying information of its students without written consent or court order.  The Parties acknowledge that information that could be reasonably likely to lead to admissible evidence in this Litigation could contain information that is protected by FERPA. In addition, personnel files of employees involved in an incident are confidential and private in nature. As a result, their disclosure and use must be limited to protect the individuals' right to privacy. *See, El Dorado Savings & Loan Assoc. v. Superior Court of Sacramento County*, 190 Cal. App. 3d 342 (1987). Accordingly, the Parties agree that, in conjunction with discovery proceedings in this Litigation, the Parties may designate any Document, thing, material, testimony, or other

Information derived therefrom as "CONFIDENTIAL" under the terms of this Confidentiality Agreement and Protective Order (hereinafter "Order"), that anything designated as such shall not be provided or made available to third parties except as permitted by, and in accordance with, the provisions of this Order. Confidential information includes any information contained in personnel files of CCSD employees and/or information that has not been made public and contains trade secret, proprietary and/or sensitive business or personal information, and/or any (personal) information about students that is protected by FERPA.

5.      In addition, if any party requests documents or other evidence that are subject to FERPA, the Parties acknowledge that a Court Order requiring such a disclosure must first be obtained. If such a court order is granted, and disclosure of FERPA protected information is required, the Parties acknowledge FERPA protected information will be marked confidential pursuant to the Stipulated Confidentiality Agreement and Protective Order.

6.      CONFIDENTIAL Documents shall be so designated by marking or stamping each page of the Document produced to or received from a Party with the legend "CONFIDENTIAL."

7.      Testimony taken at a deposition may be designated as CONFIDENTIAL by any Party making a statement to that effect on the record at the deposition or within ten (10) business days of receipt of the transcript. Arrangements shall be made with the court reporter taking and transcribing such deposition to separately bind such portions of the transcript and deposition exhibits containing Information designated as CONFIDENTIAL, and to label such portions appropriately. Counsel for the Parties may also designate an entire deposition transcript as CONFIDENTIAL at the time of the deposition or within ten (10) business days of receipt of the transcript.

8.      CONFIDENTIAL Information shall be maintained in strict confidence by the Parties who receive such information, shall be used solely for the purposes of this Litigation, and shall not be disclosed to any person except:

a.   The United States District Court, District of Nevada, or any other court to which this matter may be transferred (the "Court").

/ / /

b. In the event of an appeal, the United States Court of Appeals (the "Appellate Court") and/or the United States Supreme Court (the "Supreme Court"), so long as that document is filed under seal;

c. The attorneys of record in this Litigation and their co-shareholders, co-directors, partners, employees, and associates who are assisting in the Litigation (collectively hereafter referred to as "Outside Counsel");

d. A Party, or an officer, director, or employee of a Party or of a Party's affiliate, as long as any such person agrees to be bound by the terms and conditions of this Agreement, however, no copies may be made;

e. Subject to the terms of Paragraph 13 below, experts or consultants and their staff, retained by the Parties and/or Outside Counsel in this Litigation for the purposes of this Litigation;

f. Any other person, only if the Receiving Party has given written notice to the Producing Party of an intent to disclose specified CONFIDENTIAL Information to said person, who shall be identified by name, address, phone number, and relationship, if any, to the Receiving Party, and the Producing Party has not provided a written objection to the disclosure within ten (10) business days of delivery of the notification. In the event of an objection, no disclosure shall be made pending the resolution of the objection. If the disclosure includes information that is protected by FERPA, the objection can only be resolved by stipulation of the parties or court order which includes a provision allowing CCSD to provide no less than thirty (30) days' notice to the parents of the children that may be implicated in any disclosure. Before any person may receive Documents or Information pursuant to this subparagraph, he or she must comply with the requirements of Paragraph 13 below.

/ / /

9.      If a witness is providing, or is provided with, CONFIDENTIAL Information during a deposition, counsel for the Producing Party may request that all persons other than the witness and persons entitled by this Order to have access to the CONFIDENTIAL Information leave the deposition room during that portion of the deposition other than the court reporter. Failure of any person to comply with such a request will constitute sufficient justification for the witness to refuse to answer the question, or for the Producing Party to demand that CONFIDENTIAL Information not be provided to the witness, pending resolution of the issue.

10.     All designations of Information as CONFIDENTIAL by the Producing Party must be made in good faith.

11.     A party may object to the designation of particular Information as CONFIDENTIAL by giving written notice to the party designating the disputed Information at any time. The written notice shall identify the Information to which the objection is made and shall specify the basis for the objection. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the Information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed Information should be subject to the terms of this Protective Order. If such a motion is filed within ten (10) business days after the date the parties fail to resolve the objection, the disputed Information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed Information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the Information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed Information to be treated as CONFIDENTIAL.

12.     While protected by this Order, any Information designated CONFIDENTIAL shall be held in strict confidence by each person to whom it is disclosed; shall be used solely for the purposes of this Litigation; and shall not be used for any other purpose, including, without limitation, / / /

1   use in any other lawsuit. Documents and Information previously produced by the parties may be

2   designated "Confidential" within thirty (30) days after the date of this Order.

3          13.   With respect to outside experts or other persons pursuant to Paragraph 8(e), to become

4   an authorized expert or other person entitled to access to CONFIDENTIAL Information, the expert

5   or other person must be provided with a copy of this Order and must sign a certification

6   acknowledging that he/she has carefully and completely read, understands, and agrees to be bound

7   by this Order. The Party on whose behalf such a Certification is signed shall retain the original

8   Certification.

9          14.   Notwithstanding any other provision herein, nothing shall prevent a Party from

10  revealing CONFIDENTIAL Information to a person who created or previously received (as an

11  addressee or by way of copy) such Information.

12         15.   The inadvertent production of any Information without it being properly marked or

13  otherwise designated shall not be deemed to waive any claim of confidentiality with respect to such

14  Information. If a Producing Party, through inadvertence, produces any CONFIDENTIAL

15  Information without marking or designating it as such in accordance with the provisions of this

16  Order, the Producing Party may, promptly on discovery, furnish a substitute copy properly marked

17  along with written notice to all Parties (or written notice alone as to non-documentary Information)

18  that such Information is deemed CONFIDENTIAL and should be treated as such in accordance with

19  the provisions of this Order. Each receiving person must treat such Information as CONFIDENTIAL

20  in accordance with the notice from the date such notice is received. Disclosure of such

21  CONFIDENTIAL Information prior to the receipt of such notice shall not be deemed a violation of

22  this Confidentiality Agreement. A Receiving Party who has disclosed such CONFIDENTIAL

23  Information prior to the receipt of such notice shall take steps to cure such disclosure by requesting

24  return of the original document and substituting it with the properly marked one.

25         16.   A copy of this Order shall be shown to each attorney acting as counsel for a Party and

26  to each person to whom CONFIDENTIAL Information will be disclosed.

27  / / /

28  / / /

17.     Nothing in this Order shall be construed as an admission or agreement that any specific Information is or is not confidential, subject to discovery, relevant, or admissible in evidence in any future proceeding.

18.     See order issued concurrently herewith.

19.     If a Party wishes to use CONFIDENTIAL Information at a public proceeding, such as a hearing before the Court or at trial, it shall notify the Court and the other Parties to this action of that fact at the time the hearing or trial commences, and the Court may then take whatever steps it may deem necessary to preserve the confidentiality of said information during the course of, and after, the public proceeding.

20.     The Parties shall comply with the requirements of Local Rule 10-5(b), and the Ninth Circuit's decision in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), with respect to any documents filed under seal in this matter.

21.     This Order shall not be construed to prevent any Party from making use of or disclosing Information that was lawfully obtained by a Party independent of discovery in this

/ / /

Litigation, whether or not such material is also obtained through discovery in this Litigation, or from using or disclosing its own CONFIDENTIAL Information as it deems appropriate.

22.     If either Party becomes required by law, regulation, or order of a court or governmental entity to disclose any CONFIDENTIAL Information that has been produced to it under the terms of this Order, such Party will reasonably notify the other Parties, in writing, so that the original Producing Party has an opportunity to prevent or restrict such disclosure.  The Party required to disclose any CONFIDENTIAL Information shall use reasonable efforts to maintain the confidentiality of such CONFIDENTIAL Information and shall cooperate with the Party that originally produced the Information in its efforts to obtain a protective order or other protection limiting disclosure; however, the Party required to disclose the Information shall not be required to seek a protective order or other protection against disclosure in lieu of, or in the absence of, efforts by the Producing Party to do so.

23.     Upon termination of this Litigation, either by settlement or other action, Counsel may retain CONFIDENTIAL Information solely for archival purposes. The restrictions of this Protective Order shall apply to Counsel for as long as they hold such archival Documents.

24.     The obligation to treat all Information designated as CONFIDENTIAL in accordance with the terms of this Order and not to disclose such CONFIDENTIAL Information shall survive any settlement or other termination of this Litigation.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

25. The Parties may seek modification of this Order by the Court at any time, by stipulation or for good cause.

**IT IS SO STIPULATED.**

DATED this 1st day of July, 2020.                    DATED this 1st day of July, 2020.

**GREENBERG TRAURIG, LLP**                           **GANZ & HAUF**


_____/s/ Whitney L. Welch-Kirmse_____          _____/s/ Marjorie Hauf_____
MARK F. FERRARIO                                     ADAM GANZ
Nevada Bar No. 1625                                  Nevada Bar No. 6650
KARA B. HENDRICKS                                    MARJORIE HAUF
Nevada Bar No. 7743                                  Nevada Bar No. 8111
WHITNEY L. WELCH-KIRMSE                               8950 West Tropicana Avenue, Suite 1
Nevada Bar No. 12129                                 Las Vegas, NV 89147
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135                                  *Attorneys for Plaintiff*

*Attorneys for Clark County School District,
Stephanie Garni, Kathy Konowalow, Pat
Skorkowsky, and Vail Pittman Elementary
School*

## **ORDER**

In consideration of the stipulation by the Parties, and with good cause appearing,

IT IS SO ORDERED.

DATED this __2nd__ day of __July_____, 2020.


_____
UNITED STATES MAGISTRATE JUDGE