UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HATTIE BLUE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PAMELA SMITH, et al., <br><br> Defendants. | Case No.: 2:20-cv-00401-GMN-NJK <br><br> **ORDER** <br><br> (Docket No. 39) |

Pending before the Court is Plaintiffs' *ex parte* motion to expand time for service and for service through publication for Defendant Progressus, Inc.[1]  Docket No. 39.[2]  The motion is properly resolved without a hearing.  *See* Local Rule 78-1.

Service by publication is disfavored because substituted service implicates a defendant's due process rights.  *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314–15 (1950); *Trustees of the Nev. Resort Assoc.—Int'l Alliance of Theatrical Stage Employees & Moving Picture Mach. Operators v. Alumifax, Inc.*, 2013 U.S. Dist. Lexis. 106456, *2 (D. Nev. July 29, 2013).

Service must be made under the law of the forum state or of the state in which service is made.  *See* Fed.R.Civ.P. 4(e)(1).  Nevada is the forum state; Nevada and Florida are the states in

---

[1] As an initial matter, the original motion was filed on an *ex parte* basis with no showing as to why an *ex parte* designation is appropriate.  Docket No. 39.  *See, e.g.*, *Maxson v. Mosaic Sales Solutions U.S. Operating Co.*, 2015 WL 4661981, *1–2 (D. Nev. July 29, 2015) (addressing disfavored nature of *ex parte* requests, and the standards applicable to them); *see also* Local Rule IA 7-2.  Thus, the Court will instruct the Clerk's Office to remove the *ex parte* designation.  Going forward, Plaintiffs' counsel may file a document on the docket *ex parte* only if it is appropriate to do so and the appropriate standards for doing so are fully discussed.  *Cf.* Docket No. 21.

[2] On July 2, 2020, Plaintiffs filed a corrected version of their motion.  Docket No. 42.  The Court will cite to only the corrected version in this order; however, this order resolves Docket No. 39.

1

which Plaintiffs request to effect service on Defendant Progressus, Inc. by publication, Docket No. 42 at 21. Plaintiffs discuss only Nevada law regarding service by publication. *See id.* 19–20. Thus, the Court will limit its analysis to Nevada law. *Cf. Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 (D. Nev. 2013) (noting that courts will not address undeveloped arguments).

In Nevada, a party who seeks to effect service by publication must meet eight requirements. *Nguyen v. PTS of Am., LLC.*, 2020 WL 1149900, at *3 (D. Nev. Mar. 9, 2020). The plaintiff "must (1) establish that 'the service methods provided in [Nev.R.Civ.P] 4.2, 4.3, and 4.4(a) and (b) are impracticable'; (2) demonstrate that the defendant cannot, after due diligence, be found, or that the defendant seeks to avoid service of process through concealment; (3) establish through pleadings or other evidence that a cause of action exists against the defendant; (4) demonstrate that the defendant is a necessary or proper party to the action; (5) set forth specific facts demonstrating the efforts [the] plaintiff made to locate and serve the defendant; (6) provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought; (7) suggest one or more newspapers in which the summons should be published that are reasonably calculated to give the defendant actual notice; and (8) provide the defendant's last-known address, the dates during which [the] defendant [resided] at that address, and confirmation that [the] plaintiff is unaware of any other address at which defendant has resided since that time or at which [the] defendant can be found." *Id.* (citing Nev.R.Civ.P. 4.4(c), (c)(1)–(2)).

Plaintiffs fail to satisfy all these requirements. The Court finds that Plaintiffs have satisfied the first, second, third, and fifth requirements. *See* Docket Nos. 6 at 12; 42 at 6, 10–16. However, the Court finds that Plaintiffs have failed to satisfy the fourth, sixth, seventh, and eighth requirements. Plaintiffs submit that they have a "good faith belief that Defendant" is a necessary and proper party to this action, Docket No. 42 at 20; Plaintiffs further submit, however, that—as of their motion—it is unclear whether Defendant "was an active entity on the date of the subject incident,"[3] *id.* at 7. Plaintiffs fail to provide authority stating that an inactive entity is still properly

---

[3] In fact, when they filed the instant motion, Plaintiffs were still waiting to hear back from counsel for Defendant Invo Holdings, LLC as to whether Defendant Progressus, Inc. was an active entity on the date of the subject incident. Docket Nos. 39-6, 42 at 14.

2

subject to suit under these circumstances. Moreover, Plaintiffs fail to (1) provide the proposed language of the summons to be used in the publication; (2) explain why the Nevada Legal News and Tampa Bay Times are reasonably calculated to give Defendant actual notice—especially if it is no longer an active entity or has not been active since 2016; and (3) the dates during which Defendant operated in Tampa.

For the reasons stated above, Plaintiffs have failed to satisfy the requirements outlined in Rule 4.4(c) and (c)(1)–(2) to warrant allowing service by publication. Accordingly, the Court **DENIES** Plaintiffs' request for service through publication for Defendant Progressus, Inc. Docket No. 39. However, the Court **GRANTS** Plaintiffs' request to extend the deadline to effectuate service for Defendant Progressus, Inc. and **EXTENDS** the deadline to September 4, 2020.

IT IS SO ORDERED.

Dated: August 5, 2020

_____
Nancy J. Koppe
United States Magistrate Judge